UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HIN Y. LIM TUNG,

                    Plaintiff,

        v.

DEUTSCHE BANK TRUST COMPANY, DEUTSCHE
BANK TRUST COMPANY DELAWARE,
SOUTHPOINT, INC., WILSHIRE CREDIT CORP.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ROSICKI, ROSICKI, &
ASSOCIATES, P.C., TOM ROSICKI, CYNTHIA
ROSICKI, SHAWN A. BRENHOUSE, TYNE
MODICA, ESQ., TREVA MORLAND, ALAN SMIKUN,
SRP 2010-6 LLC, NATIONSTAR MORTGAGE, LLC,
RAMIE BAKER, MATT SCHUSTER, GOSHEN
MORTGAGE, LLC., GDBT 1 TRUST 2011-1,
STEPHEN M. LAMANDO, DOUG POLLOCK, ERIC
HUGHES, ANTHONY MANN, FAY SERVICING,
LLC, MARGOLIN & WEINREB LAW GROUP, LLP,
THOMAS ZEGARELLI, EDWARD RUGINO, RICH
RIDDLE, LYNN S. OKIN, US BANK TRUST, N.A.,
WESTVUE NPL TRUST, WESTVUE NPL TRUST II,
SAMI SABAHI, INTELLECTUAL CAPITAL
MANAGEMENT, INC., LONGVUE MORTGAGE
CAPITAL, DENNIS REGAN, B2D REALTY, LLC,
DIPESH ROSHI, JANE DOE 1 THROUGH 4,
RICHARD ROE 1 THROUGH 4, and UNKNOWN
TRUST 1 THROUGH 4, the last twelve being fictitious
names, the real names of said defendants being
presently unknown, said fictitious names being
intended to designate persons and/or entities who are
acting in concert with the defendants,

                    Defendants.

**REPORT &
RECOMMENDATION**
19-CV-5445-RPK-SJB

**BULSARA, United States Magistrate Judge:**

        Pro se Plaintiff Hin Y. Lim Tung ("Lim Tung") commenced this action against 38

known and 12 unknown defendants to challenge the foreclosure of his rental property,

which he alleges was effectuated through fraud.[1]  Four groups of defendants—the
Rosicki Defendants,[2] the Margolin & Weinreb Defendants,[3] the Fay Defendants,[4] and
the Lamando Defendants[5]—and Lynn S. Okin ("Okin")—have moved to dismiss Lim
Tung's Amended Complaint[6] in this case in motions filed from January 11, 2021 to
September 29, 2021.[7]

 This report and recommendation resolves the pending motions and concludes
that dismissal is appropriate—with the claims against Okin being dismissed on
immunity grounds, and against the other defendants for failure to serve adequate
process in a timely fashion.  The Court respectfully recommends the motions to dismiss
be granted without prejudice as to the Rosicki Defendants, the Margolin & Weinreb
Defendants, the Fay Defendants, and the Lamando Defendants, and granted with

---

[1] Compl. dated Sept. 25, 2019, Dkt. No. 1.

[2] The Rosicki Defendants are Cynthia Rosicki; Tom Rosicki; Rosicki, Rosicki & Associates, P.C.; Edward Rugino; Shawn A. Brenhouse; and Tyne Modica.

[3] The Margolin & Weinreb Defendants are The Margolin & Weinreb Law Group, LLP; B2D Realty, LLC; Dipesh Roshi; Alan Smikun; and Thomas Zegarelli.

[4] The Fay Defendants are Fay Servicing, LLC; GDBT 1 Trust 2011-1; Eric Hughes; Anthony Mann; Rich Riddle; and Matt Schuster.  Although the Fay Defendants have moved to dismiss on his behalf, Riddle is not, despite being mentioned in the factual allegations, named as a defendant in any of the enumerated counts.

[5] The Lamando Defendants are Stephen M. Lamando and SRP 2010-6, LLC.

[6] Am. Compl. dated Nov. 11, 2020 ("Am. Compl."), Dkt. No. 20.

[7] Margolin & Weinreb Defs.' Notice of Mot. to Dismiss dated Jan. 11, 2021 ("Margolin & Weinreb Notice"), Dkt. No. 30; Rosicki Defs.' Notice of Mot. to Dismiss dated Jan. 14, 2021 ("Rosicki Notice"), Dkt. No. 34; Fay Defs.' Notice of Mot. dated Mar. 30, 2021, Dkt. No. 40; Okin Notice of Mot. dated Apr. 26, 2021 ("Okin Notice"), Dkt. No. 44; Lamando Mem. of Law in Supp. dated Sept. 28, 2021 ("Lamando Mem."), Dkt. No. 53.

prejudice as to Okin.  The Court separately recommends that the case also be dismissed against all remaining defendants, because none have been served within the 90-day period in Rule 4(m).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is one of two outstanding lawsuits that Lim Tung has brought involving the property located at 14-14 30th Road in Astoria, Queens, New York.[8]  It arises from foreclosure proceedings on the property that began on July 31, 2013.[9]  On March 17, 2015, the New York Supreme Court, Queens County granted summary judgment against Lim Tung and permitted foreclosure.[10]

Lim Tung commenced this action on September 25, 2019.  The following day, Lim Tung sought an order enjoining "Defendant Lynn S. Okin from selling [Lim Tung's] property with an address of 14-14 30th Road, Astoria NY 11102 tomorrow, September 27, 2019 and transferring the Deed to the Plaintiff's property to a third party" thereafter.[11]  The Honorable Roslynn R. Mauskopf[12] denied this "motion seeking an

---

[8] Am Compl. ¶ 1.  The other suit is Docket No. 19-CV-5444.

[9] Summons and Compl. dated July 31, 2013, attached as Ex. A to Smikun Decl. dated Jan. 11, 2021, Dkt. No. 32 at 1–5.

[10] State Ct. Order Appointing Referee dated Mar. 17, 2015 ("State Ct. Summ. J. Op."), attached as Ex. B to Am. Compl., Dkt. No. 20 at B2–B5.

[11] Mem. and Order dated Sept. 26, 2019 ("Sept. 26, 2019 Order"), Dkt. No. 6 at 1; *see also* Proposed Order to Show Cause dated Sept. 26, 2019, Dkt. No. 3 at 8.

[12] The case was reassigned to the Honorable Rachel P. Kovner on July 1, 2020. Order dated July 1, 2020.

order to show cause for a temporary restraining order and preliminary injunction to prevent the sale of real property."[13]

Lim Tung moved to amend on January 6, 2020 to add a seventh count and defendant Dipesh Roshi,[14] which the Court granted on January 21, 2020.[15]  More than eight months later, on September 2, 2020, Lim Tung filed an amended complaint.[16]

Lim Tung subsequently filed another amended complaint, the operative pleading, on December 3, 2020.[17]  This Amended Complaint contains six claims against various combinations of the defendants, and a request for a declaratory judgment that a deed transfer for the property be deemed null and void *ab initio*.[18]  Lim Tung served 34

---

[13] Sept. 26, 2019 Order at 3.

[14] Mot. Letter dated Jan. 6, 2020, Dkt. No. 11.

[15] Order Granting Mot. to Amend dated Jan. 21, 2020.

[16] Am. Compl., Dkt. No. 16.  Although dated in January because it was appended to the motion to amend, it was filed as a separate docket entry on September 2, 2020.

[17] This complaint adds additional exhibits not present in the prior complaint filed on September 2, 2020, and otherwise makes typographical and stylistic changes.  Lim Tung filed it without leave of the Court or the consent of any defendant, as Rule 15(a)(2) requires.  *See* Fed. R. Civ. P. 15(a)(2).  The motions to dismiss are nonetheless directed at this complaint.  As such, the Court concludes that the moving defendants consented to the amendment.  6 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1490 (3d ed. 2021) ("[C]onsent may be implied from an act of the party indicating an acquiescence in the amendment, especially if that act is evidenced by a writing . . . the court may decide that an amended complaint has been consented to if defendant interposes a motion to dismiss based on both the original and the amended complaint.").  That is to say, any defendant could have argued that only the September 2, 2020 complaint—the one filed with leave of court—should serve as the operative pleading, and the failure to serve that document, regardless of the effectiveness of service of the December 3, 2020 pleading, requires dismissal.  But no one made such an argument.  And although convention would suggest that the pleading be referred to as the Second Amended Complaint, because the parties (and the docket sheet) refer to the document as the "Amended Complaint," so does the Court.

[18] Am. Compl. ¶¶ 86–187.

defendants via mail, and although he purported to file an associated executed summons on the docket, he instead filed two copies of his affidavit of service.[19]

A total of 38 entities or individuals are named as defendants.[20]  Count I alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), based on alleged money laundering, fraud, false statements, mail fraud, wire fraud, and violations of the National Stolen Property Act, against the Rosicki Defendants; the Margolin & Weinreb Defendants; the Fay Defendants, except for Rich Riddle; the Lamando Defendants; Okin; and 18 other defendants,[21] only some of whom have appeared or been served.[22]  Count II alleges conspiracy to violate RICO against the

[19] This "summons," which is actually an Affidavit of Service, is docketed as entry No. 19.  Aff. of Service dated Nov. 11, 2020 ("Aff. of Service"), Dkt. No. 19.  However, it is clear that this Affidavit corresponds to the Amended Complaint filed at docket number 20.  The Affidavit of Service contains an attestation by Pierre Limtung that mail service occurred on November 16, 2020, Aff. of Service at 2, of the Amended Complaint which contains a verification by Lim Tung dated November 11, 2020.  Am. Compl. at 119.

[20] This count does not include the unidentified defendants, namely the Jane Doe, Richard Roe, and Unknown Trusts that Lim Tung wishes to sue and which are referred to in the caption.

[21] The names of Sami Sabahi and Intellectual Capital Management, Inc. do not appear under Count I on page 68–69 of the Amended Complaint, but the Court infers that they are being sued under Count One because their names later appear as defendants from whom relief is sought under the Count I heading on page 106.

[22] Am. Compl. ¶¶ 86–145.  Named in Count I are 14 defendants whom the Affidavit of Service lists as being served by mail, yet who have not appeared: Southpoint, Inc.; Wilshire Credit Corp.; Mortgage Electronic Registration Systems, Inc.; Nationstar Mortgage, LLC; Ramie Baker; Deutsche Bank Trust Company; Deutsche Bank Trust Company Delaware; Goshen Mortgage, LLC, individually and as administrator for GDBT I Trust 2011-1; Doug Pollock; Sami Sabahi; US Bank Trust, N.A.; Westvue NPL Trust; Longvue Mortgage Capital; and Dennis Regan.  *See id.* at 68–69; Aff. of Service at 2–6.  Normally, a plaintiff could seek entry of default against these non-appearing defendants; and at that time, the Court could address the propriety of service in deciding whether to enter default as to such a defendant.  *See Nesterov v. Kvadro S. Corp.*, No. 18-CV-7200, 2021 WL 1236029, at *1–3 (E.D.N.Y. Mar. 11, 2021), *report and*

same defendants as in Count I.[23]  Count III alleges violations of section 4313 of the New York Civil Practice Law and Rules, which requires a clerk to send a copy of an order of reference to the referee, and section 1313(1) of the New York Real Property Laws, which governs unclaimed property held by certain entities, against Okin; the Rosicki Defendants, except for Edward Rugino; and the Margolin & Weinreb Defendants, except for B2D Realty, LLC and Dipesh Roshi.[24]  Count IV alleges violations of Lim Tung's due process rights, including access to a court and the right to petition the government for redress of grievances, under the First and Fourteenth Amendments, against the same defendants as in Count III.[25]  Count V alleges fraud upon the New York Supreme Court, Queens County and Lim Tung, and names the same defendants as Counts III and IV.[26]  Count VI alleges fraud upon New York City's Office of the City Register and Lim Tung against the same defendants—except for Okin—that Counts III, IV, and V name.[27]

---

*recommendation adopted*, 2021 WL 1238707, at *2 (Apr. 2, 2021).  But as indicated below, Lim Tung has failed to serve any defendant with a summons within 90 days of filing the Amended Complaint, and Rule 4(m) requires dismissal of these non-appearing parties.  Fed. R. Civ. P. 4(m).

In addition, four defendants named in Count I appear not to have been served, even by mail, since they are not mentioned in the Affidavit of Service: Michael McGee, who is also not included in the caption; Treva Morland; Intellectual Capital Management, Inc.; and Westvue NPL Trust II.  Because they, too, were not served with the Complaint within 90 days of filing, the Court must dismiss them from the case pursuant to Rule 4(m).

[23] *Id.* ¶¶ 146–48.

[24] *Id.* ¶¶ 149–60.

[25] *Id.* ¶¶ 161–70.

[26] *Id.* ¶¶ 171–77.

[27] Am. Compl. ¶¶ 178–80.

The Margolin & Weinreb Defendants moved to dismiss the Amended Complaint on January 11, 2021 for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Federal Rule of Civil Procedure 12(b); Rooker-Feldman; statute of limitations grounds; and res judicata.[28] Three days later, the Rosicki Defendants moved to dismiss on the same grounds plus collateral estoppel.[29] The Fay Defendants did so as well on March 30, 2021, again on the same grounds, and adding arguments about failure to satisfy Rule 9(b).[30] Okin, on April 26, 2021, was the next defendant to move to dismiss. The grounds for her motion are absolute immunity for being a court-appointed referee, failure to state a claim under Rule 12(b)(6), and failure to meet Rule 9(b)'s heightened pleading standards with respect to the RICO claims.[31] Finally, the Lamando Defendants moved to dismiss the Amended Complaint on a subset of the same grounds as the other parties.[32]

---

[28] Margolin & Weinreb Notice at 2; Margolin & Weinreb Defs.' Mem. in Supp. dated Jan. 11, 2021 ("Margolin & Weinreb Mem."), Dkt. No. 31 at 1.

[29] Rosicki Notice at 2. An identical motion for the same defendants was filed on the same date, *see* Dkt. No. 35. *See also* Rosicki Mem. in Supp. dated Jan. 14, 2021 ("Rosicki Mem."), attached to Morganstern Decl. dated Jan. 14, 2021 ("Morganstern Decl."), Dkt. No. 36 at 2–3.

[30] Fay Defs.' Mem. in Supp. dated Mar. 30, 2021 ("Fay Mem."), attached to Kaufman Decl. dated Mar. 30, 2021, Dkt. No. 40-1 at 1–2.

[31] Okin Mem. of Law in Supp. dated Apr. 26, 2021 ("Okin Mem."), attached to Okin Notice, Dkt. No. 44 at 1.

[32] Lamando Mem at 3–4.

Lim Tung filed an opposition to all of the motions on September 14, 2021.[33]  The opposition argues that Okin has defaulted; Okin is not entitled to any form of immunity; all defendants failed to rebut the conspiracy allegations; and that the statute of limitations, Rooker-Feldman, res judicata, and collateral estoppel arguments by the Rosicki Defendants, Margolin & Weinreb Defendants, Fay Defendants, and Lamando Defendants fail.[34]  Lim Tung's opposition does not address the service of process arguments made by the four groups of defendants.  One week later, Okin filed a reply,[35] which no other defendant did.  Judge Kovner referred the motions to dismiss to the undersigned on October 25, 2021.[36]

## DISCUSSION

I.    Insufficient Service of Process

"Federal Rule of Civil Procedure 12(b)(5) 'provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m).'"  *Tung v. Hemmings*, No. 19-CV-5502, 2021 WL 4147419, at *2 (E.D.N.Y. Sept. 13, 2021) (Kovner, J.) (quoting *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016)).  Rule 4(m) provides that "[i]f a defendant is

---

[33] Pl.'s Opp'n to Defs.' Mot. to Dismiss dated Aug. 30, 2021 ("Lim Tung Opp'n"), Dkt. No. 48).  The Court set May 26, 2021 as the deadline for Lim Tung to oppose Okin's motion to dismiss.  Order dated Apr. 15, 2021.  After Lim Tung failed to meet that deadline, the Court extended it *sua sponte* to August 31, 2021, and directed that "[i]f no opposition is received, the Court will deem the motion unopposed."  Order dated Aug. 2, 2021.  Lim Tung eventually filed his opposition on September 14, 2021—two weeks late.

[34] Lim Tung Opp'n at 8–16.

[35] Okin Reply Mem. of Law dated Sept. 21, 2021, attached to Harfenist Decl. in Further Supp. dated Sept. 21, 2021, Dkt. No. 50.

[36] Order dated Oct. 25, 2021.

not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m).

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). A "[p]laintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials." *Tung*, 2021 WL 4147419, at *2 (quoting *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012)). "In evaluating a motion to dismiss based on insufficient service of process, the court 'must consider information outside the complaint to determine whether service was sufficient.'" *Id.* (quoting *Corley v. Vance*, 365 F. Supp. 3d 407, 431 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020)). "[T]he simple fact that [the defendant] obtained a copy of the . . . complaint against [him] is insufficient for service to be deemed effective under New York law." *Stair v. Calhoun*, No. 12-CV-6121, 2015 WL 1476454, at *8 (E.D.N.Y. Mar. 31, 2015) (first alteration added) (quoting *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010)).

### A. The Rosicki Defendants

The Rosicki Defendants are a corporation, Rosicki, Rosicki & Associates, P.C., (the "Rosicki Law Firm"), and five individuals: Cynthia Rosicki, Tom Rosicki, Edward Rugino, Shawn A. Brenhouse, and Tyne Modica. Service was improper as to each. As for service on the corporation, the Rosicki Law Firm, Rule 4(h) provides that service on a corporation may proceed in one of two ways. A plaintiff may deliver a copy of the summons and complaint to an officer, managing or general agent, or other agent of the corporation authorized under law to receive process. Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, a plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual[,]" which allows for service according to state law in which the federal district court is located or where service is made. *Id.* r. 4(h)(1)(A); *see also id.* r. 4(e)(1). If relying on state procedure, under New York law, a corporation can be served through "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." C.P.L.R. § 311(a)(1). Neither federal nor New York state law permits service on a corporation via mail. *Accord Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286–87 (E.D.N.Y. 2000). Subject to alternatives not relevant here, "[b]oth federal and New York law require that a corporation be served through personal service on a corporate officer or agent[.]" *Tung*, 2021 WL 4147419, at *3.[37]

It appears that Lim Tung attempted to serve the Rosicki Law Firm, like all other defendants, by mailing a copy of the Amended Complaint via the United States Postal Service ("USPS") to the firm and the individual defendants associated with it. (Aff. of Service at 3). The Affidavit of Service does not suggest that personal service upon anyone related to the Rosicki Law Firm was made. Because corporations cannot be served via mail, the service on the Rosicki Law Firm was inadequate. And because the Amended Complaint was filed on December 3, 2020, and more than 90 days have passed since then without adequate service, the claims against the Rosicki Law Firm must be dismissed without prejudice. *See, e.g.*, *Pierre v. Macy's, Inc.*, No. 16-CV-2556,

---

[37] "A business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law," which permit service, among other methods, through the New York Secretary of State, *see* N.Y. Bus. Corp. Law § 306(b)(1), or detail methods of service for unauthorized foreign corporations. *Id.* § 307.

2018 WL 10127013, at *4–5 (E.D.N.Y. Mar. 29, 2018) (dismissing pro se plaintiff's claims against corporate and individual defendant for "failure to effect service" within 90 days of the filing of the complaint).[38]

As for the individual Rosicki Defendants, Rule 4 offers multiple paths for serving an individual.  A plaintiff may effectuate service by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Alternatively, an individual can be served "by following state law." *Id.* r. 4(e)(1).  "New York law allows service on an individual by a combination of delivery to the individual's place of business *and mail*." *Tung*, 2021 WL 4147419, at *3 (emphasis added) (citing C.P.L.R. § 308(2)).  This process requires combining personal service at a defendant's workplace with mailing.  That is, proper service is effectuated by

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other[.]

---

[38] Even if mail service alone were permitted, the Affidavit of Service suggests such service was not properly effectuated.  The Affidavit of Service gives the address of the Rosicki Law Firm as 31 E. Bethpage Road, Plainview, NY 11803.  Aff. of Service at 3.  But the Rosicki Defendants contend that "[t]he Rosicki Law Firm has never been located at" that address.  Rosicki Mem. at 13 (stating that the former address of the Rosicki Law Firm was 51 E. Bethpage Road, Plainview, NY 11803).

C.P.L.R. § 308(2).

> This is a two-part requirement whose advantage is that it is an alternative to personal delivery . . . The first requirement is a delivery "to a person of suitable age and discretion" at defendant's "actual place of business, dwelling place or usual place of abode."  The second is a mailing either to the defendant's "last known residence" or to his actual (presently used) place of business.  *Both the delivery and the mailing are required*[.]

David Siegel et al., *New York Practice* § 72 (6th ed. 2021) (emphasis added) (quoting C.P.L.R. § 308(2)).  As with corporations, mailing alone does not constitute proper service under either federal or state law for an individual defendant.

The Affidavit of Service states that Cynthia and Tom Rosicki, Rugino, Brenhouse, and Modica were mailed the Amended Complaint at the same address, 31 E. Bethpage Road, Plainview, NY 11803, as the Rosicki Law Firm.  (Aff. of Service at 3–4).  This does not comply with either of the two requirements in C.P.L.R. § 308(2)—the Amended Complaint was not delivered (it was mailed) to a person of suitable age and discretion at the Rosicki Law Firm, and it was not followed up by a mailing to the residence of these individuals.[39]  As a result, the Amended Complaint having not been properly served upon them within 90 days requires the claims against them to be dismissed.  *See, e.g.*, *Pierre*, 2018 WL 10127013, at *4–5.

---

[39] Furthermore, service must be at "defendant's business address at the time of service, and not when the cause of action arose."  *Jackson v. Cnty. of Nassau*, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2004) (holding service was not effectuated where service on defendant was attempted at his former place of business); *see also McNulty v. Yaneka*, No. 11-CV-08320, 2013 WL 684448, at *4 (S.D.N.Y. Feb. 25, 2013) ("[B]ecause the evidence suggests that Defendants were no longer employed by CMC as of the date of service, service cannot be sustained pursuant to CPLR 308(2).").  Rugino, Brenhouse, and Modica "were not employed by the Rosicki Law Firm on November 16, 2020, when service of the amended complaint was purportedly made," or "at any time during 2020." Morganstern Decl. ¶ 13.

B.  The Margolin & Weinreb Law Group Defendants

The Margolin & Weinreb Defendants are The Margolin & Weinreb Law Group, LLP, a partnership; B2D Realty, LLC, a limited-liability company; and three individuals: Dipesh Roshi, Alan Smikun, and Thomas Zegarelli.  Service was insufficient as to each.

As to The Margolin & Weinreb Law Group, LLP (the "Margolin & Weinreb Law Group"), service on a partnership is accomplished in federal court in the same manner as service on a corporation.  That is, a plaintiff can follow the federal procedures under Rule 4(h)(1)(B)—entailing service upon an officer, agent, or party authorized to accept service—or follow state procedure (which is incorporated by 4(h)(1)(A) and 4(e)(1)).  *See Redd v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, No. 19-CV-1045, 2020 WL 1536596, at *4–5 (E.D.N.Y. Mar. 31, 2020) (dismissing complaint against limited partnerships and limited liability partnership where plaintiff's affidavits of service showed only that "the process server mailed by United States Postal Service a copy of the summons and complaint to each of these Defendants by certified mail.") (quotations omitted), *appeal dismissed*, No. 20-1270, 2021 WL 4520640 (2d Cir. Feb. 1, 2021), *cert. denied*, 142 S. Ct. 115 (2021).  Under New York Law, service upon a limited partnership "shall be made by delivering a copy personally to any managing or general agent or general partner of the limited partnership in [New York]," or to any agent or employee authorized to receive service.  C.P.L.R. § 310-a(a).[40]  Again, mail alone is not sufficient service on a partnership.  The Affidavit of Service states that the Amended Complaint was mailed to the Margolin & Weinreb Law Group at 165 Eileen Way, Suite 101, Syosset, NY 11791. (Aff. of Service at 5).  Because a partnership cannot be served by mail, and proper

---

[40] Additional methods are available to New York limited liability partnerships. C.P.L.R. § 310-a(b).

service was not completed with 90 days, the claims against this defendant must be dismissed without prejudice. *See, e.g.*, *Redd*, 2020 WL 1536596, at *4–5.

As for service on B2D Realty, LLC ("B2D"), Rule 4(h), which covers service on unincorporated associations, controls. *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 596 (E.D.N.Y. 2013) (analyzing service on an LLC defendant under Rule 4(h)); 14D Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3812 (4th ed. 2021) ("Unincorporated entities consist of associations that are not chartered as corporations. These include partnerships, limited partnerships, limited liability partnerships, trusts, joint ventures, labor unions, and limited liability companies."). Again, service under state law is available. In New York, service on an LLC may be made

> by delivering a copy personally to (i) any member of the [LLC] in this state, if the management of the [LLC] is vested in its members, (ii) any manager of the [LLC] in this state, if the management of the [LLC] is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the [LLC] to receive process[.]

C.P.L.R. § 311-a(a). But "New York state law does not authorize service on [an LLC] via mail." *Jordan*, 928 F. Supp. 2d at 596.[41]

The Affidavit of Service states that Lim Tung mailed the Amended Complaint to B2D at 44 Hamilton Drive, Roslyn, NY 11576 by USPS mail. (Aff. of Service at 6). Because LLCs cannot be served via mail, this deficient service and the passage of 90 days requires dismissal of the claims against B2D without prejudice. *See, e.g.*, *Smith v. Bray*, No. 13-CV-07172, 2014 WL 5823073, at *3–4 (S.D.N.Y. Nov. 10, 2014)

---

[41] If the LLC is a "New York limited liability company registered with the New York Secretary of State," service can also be made through the New York Secretary of State. *Jordan*, 928 F. Supp. 2d at 597.

(dismissing complaint against LLC to which plaintiffs mailed the summons and complaint for failure to serve within the time allotted by Rule 4(m)).

As for individual defendants Roshi, Smikun, and Zegarelli, the Affidavit of Service states that the Amended Complaint was mailed to Roshi "C/O B2D REALTY, LLC," at the same address used for B2D, and to Smikun and Zegarelli at "C/O MARGOLIN & WEINREB LAW GROUP, LLP" at 165 Eileen Way, Suite 101, Syosset, NY 11791. (Aff. of Service at 5–6). As with the Rosicki individual defendants, such mail service is deficient, and the claims against these three individuals must be dismissed without prejudice. *See supra* at 11–13.

### C. The Fay Defendants

The Fay Defendants are Fay Servicing, LLC ("Fay Servicing"), an LLC; GDBT 1 Trust 2011-1, ("GDBT 1 Trust"), a trust; and four individuals: Eric Hughes, Anthony Mann, Rich Riddle, and Matt Schuster. Service was deficient as to each.

As to Fay Servicing, the Amended Complaint was mailed to "901 S. 2ND STREET, SUITE 201 SPEINGFIELD [sic], IL 62704." (Aff. of Service at 5). As with service on B2D, mailing is insufficient to properly effectuate service on this LLC, and as such the claims against Fay Servicing should be dismissed without prejudice. *See supra* at 14–15. As for GDBT 1 Trust, the Affidavit of Service states the Amended Complaint was mailed to both 411 West Putnam Avenue, Greenwich, CT 06830, and c/o Deutsche Bank Trust Company Delaware, 1011 Centre Road, Suite 200 Wilmington, DE 19805. (Aff. of Service at 4). The Fay Defendants give no indication as to GDBT 1 Trust's corporate form or manner of organization. The Court can only infer that GDBT 1 Trust is a trust from its name. And while the type of trust may be pertinent to whether the trust itself is the real party in interest (or whether suit may only be brought against the trustee), it is

irrelevant for present purposes. That is because if GDBT 1 Trust were treated as an unincorporated association,[42] service via mail would be insufficient, as it is with the LLC defendants. *See supra* at 14–15. Alternatively, if suit against GDBT 1 Trust required that a trustee or other official be served, again, mail to an individual is insufficient and no trustee or individual identified with trust has been served properly. In either case, Lim Tung has the burden of establishing that service was proper, and having put forth no evidence to suggest that mail service on this trust entity was sufficient, service was not properly effectuated and dismissal of claims against GDBT 1 Trust is appropriate.

As to individual defendants Hughes, Mann, Riddle, and Schuster, service was also deficient. Schuster's name does not appear anywhere in the Affidavit of Service. This requires dismissal as to claims against him. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006) (affirming dismissal where plaintiff "made no showing whatever as to any effort on her part to effect personal service on" two individual defendants). As to the other three individuals, they were mailed the Amended Complaint via USPS at "C/O FAY SERVICING LLC 901 S. 2ND STREET, SUITE 201 SPEINGFIELD [sic], IL 62704," the same address at which Lim Tung attempted service

---

[42] *King v. 5673 La Fleur Trail*, No. 1:18-CV-03023, 2018 WL 10436175, at *3–6 (N.D. Ga. Oct. 16, 2018) (analyzing attempted service on defendant CIT Mortgage Loan Trust 2007-1 under Rule 4(h) and dismissing complaint for "failure to properly effectuate service of process"), *report and recommendation adopted*, 2018 WL 10436177, at *1 (Nov. 7, 2018); *Nazareth Nat'l Bank & Tr. Co. v. E.A. Int'l Tr.*, No. CIV.A. 98-6163, 1999 WL 549036, at *3 (W.D. Pa. July 26, 1999) ("Plaintiff does not aver that EAIT is a corporation and it appears from the copy of the trust agreement submitted in support of the instant motion that EAIT is not a corporation. Fed. R. Civ. P. 4(h)(1) authorizes service of process on an unincorporated association by leaving a copy of the summons and complaint with an agent authorized to receive service. The person in charge at EAIT's registered address for service of process accepted service, and it appears that service of process as to EAIT was also proper.") (internal citation omitted).

on Fay Servicing.  (Aff. of Service at 5).  As with the Rosicki and the Margolin & Weinreb individual defendants, such mail service is deficient, and the claims against these individuals must be dismissed without prejudice.  *See supra* at 11–13.

D.  The Lamando Defendants

The Lamando Defendants are an LLC, SRP 2010-6, LLC, and an individual, Stephen M. Lamando.

As to SRP 2010-6, LLC ("SRP LLC"), the Affidavit of Service represents that it was served by USPS mail with the Amended Complaint at two addresses: 4 Research Drive, Suite 402, Shelton, Connecticut 06484 and 350 Highland Drive, Lewisville [sic], Kentucky 75067.  (Aff. of Service at 4).  As with the other LLC defendants, such mail service is deficient and requires a without prejudice dismissal of the claims against SRP LLC.  *See supra* at 14–15.[43]

As to Lamando, the Amended Complaint was mailed via USPS to "C/O GOSHEN MORTGAGE, LLC 411 WEST PUTNAM AVENUE GREENWICH, CT 0683."  (Aff. of Service at 4).  As with the other individual defendants, a single mailing to a purported business address is insufficient and again requires a without prejudice dismissal.[44]  *See supra* at 11–13.

\*          \*          \*          \*

---

[43] The Lamando Defendants contend that SRP LLC "no longer maintains an office at" the Connecticut address, which it believes "was occupied, at all times relevant, by 'The Maleri Group,'" to which SRP LLC has no affiliation.  Lamando Mem. at 15.  As for the second address, the Affidavit of Service provides a zip code for Texas, not Kentucky.  *Id.*; Aff. of Service at 4.

[44] The Lamando Defendants contend that Lamando "has no relationship to Defendant Goshen Mortgage, LLC."  Lamando Mem. at 16.

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person whom makes service." Fed. R. Civ. P. 4(c)(1). The summons must contain the information enumerated in Rule 4(a), including a signature from the Clerk of Court. *Id.* r. 4(a)(1) ("Contents"). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

The Docket Sheet does reflect that Lim Tung sought and the Clerk issued a summons for each defendant on September 2, 2020. (*See* Am. Summons dated Jan. 6, 2020 ("Am. Summons"), Dkt. No. 17). But there is no basis to infer that any defendant was served with that or any other summons.[45] No executed summons was filed on the docket. And the document labeled on the docket as a summons returned is just two copies of the Affidavit of Service. (*See* Dkt. Entry No. 19 dated Dec. 2, 2020).

Even if it were permissible to effectuate service via mail, Lim Tung would have had to serve a summons with the Amended Complaint, which he has not. And although this defect is not mentioned by any of the moving defendants, where no summons is served, any "attempted service of process [is] . . . fatally defective." *Bloom v. Democratic Nat'l Comm.*, No. 01 Civ.11598, 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002). It provides yet another reason to grant dismissal to these moving parties. But

---

[45] The Court does not reach the issue of whether the service of the Amended Complaint with a summons that was issued in connection with the *prior* complaint would have satisfied Rule 4. Typically, an earlier summons, so long as it is attached to the correct pleading, is sufficient and may be served with a superseded complaint.

the defect also requires dismissal of the case against all defendants (including those who have purportedly been served but have not appeared). Because without serving the summons and filing proof of such service within 90 days of filing the Amended Complaint, the Court is required to dismiss the case against any party who did not receive it. And in this case, this is every potential defendant (the parties that moved to dismiss; the parties that were served with the complaint via mail, but received no summons; and the parties who received no summons or mailed complaint). *See supra* n. 2–7, 22; Fed. R. Civ. P. 4(m) ("[T]he court . . . *must* dismiss the action without prejudice[.]") (emphasis added); *Cioce v. Cnty. of Westchester*, 128 F. App'x 181, 183 (2d Cir. 2005) ("Rule 4(m) provides that the district court shall, upon motion or on its own initiative after notice to the plaintiff, dismiss without prejudice any action in which service of the summons and complaint has not been made.");[46] *e.g.*, *Klein v. Zugabie*, No. 20-1975-CV, 2021 WL 5313708, at *2 (2d Cir. Nov. 16, 2021) ("[T]he District Court also properly dismissed Klein's malicious prosecution and conspiracy claims against police officers Beltempo and Scorziello because they were never served with a summons."); *Harper v. City of New York*, 424 F. App'x 36, 40 (2d Cir. 2011) ("The district court found that four of the six individually named defendants never received a

---

[46] Lim Tung was warned that his failure to effectuate service could lead to dismissal. Order dated Sept. 9, 2020, Dkt. No. 18 at 1–2. And although this warning was general and did not refer specifically to the summons, Lim Tung was clearly aware of the need to serve the summons, having gone through the trouble of asking the Clerk of Court to issue one for each of the many defendants he wished to sue. *See* Am. Summons; *cf. Scott v. Duglis*, 146 F. App'x 544, 544–45 (2d Cir. 2005) (affirming dismissal and finding notice adequate, where following return of unexecuted summons, district court ordered plaintiff to provide his "'status and contemplation with regard to further prosecution of this action,' and put him on notice that, if no timely response were received, the court would dismiss his case.") (citation omitted).

summons or a copy of the amended complaint, a conclusion that Harper does not challenge on appeal. Even if he had, it would not be meritorious, as the affidavits of service reveal that service of process was never completed for those four defendants.").

II.    Okin's Judicial Immunity

Okin's motion to dismiss on immunity rounds should be granted, and any claims dismissed with prejudice. "[J]udicial immunity has 'extended not only to public officials but also to private citizens . . . [such as] jurors and arbitrators[.]'" *Wilson v. Wilson-Polson*, No. 09 Civ. 9810, 2010 WL 3733935, at *5 (S.D.N.Y. Sept. 23, 2010) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.8 (1993)), *aff'd*, 446 F. App'x 330 (2d Cir. 2011). The test for whether a private citizen is entitled to such immunity is functional, rather than categorial. *See id.* That being said, referees appointed in New York State Court are regularly granted immunity from civil suits, including those based on federal law. *E.g., id.* at *5–6 (dismissing Section 1983 lawsuit against referee resolving family offense petition); *see also Shaw v. Est. of Kaufman*, No. 19-CV-4835, 2019 WL 5551858, at *1 (E.D.N.Y. Oct. 28, 2019) (state foreclosure proceedings) (collecting cases). Because such immunity extends to all official acts, it "'is not overcome by allegations of bad faith or malice,' nor can a judge 'be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Renner v. Stanton*, No. 13-CV-01676, 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013) (ellipsis in original) (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991)). It is overcome "only if the court is alleged to have taken nonjudicial actions or if the judicial actions

taken were 'in the complete absence of all jurisdiction.'" *Id.* (quoting *Mireles*, 502 U.S. at 11–12).

Okin was appointed as a referee in the underlying foreclosure action by the New York State Supreme Court, Queens County. (State Ct. Summ. J. Op. at B4–B5). The Amended Complaint describes Okin as "an individual who has prepared and signed Affirmations in the State of New York that are the subject of this action[.]" (Am. Compl. ¶ 25). Immunity to suit attaches to these official acts, taken in connection with the foreclosure of the subject property. *See, e.g., Shaw*, 2019 WL 5551858, at *2 ("Plaintiff sues defendants precisely for their official act in presiding over the auction and sale of the premises pursuant to a state court order."). In response, Lim Tung makes only the conclusory allegation that Okin "accepted the appointment under [sic] to commit perjury, forgery and fraud" and committed "trickery fraud upon the New York Supreme Court of Queens, and submit[ed] perjured documents, forged documents." (Lim Tung Opp'n ¶¶ 13–14). There is nothing in such a conclusory, detail-less allegation of supposed wrongdoing sufficient to overcome Okin's presumptive immunity; nothing suggests Okin exceeded her authority or jurisdiction. The claims against Okin should be dismissed with prejudice. *Lipin v. Hunt*, No. 14-CV-1081, 2014 WL 12792367, at *2 (S.D.N.Y. Sept. 18, 2014) ("Because these actions were all integral to the judicial process, it is clear that [the Clerk of Court] has . . . [judicial or quasi-judicial] immunity, and that Plaintiff's claims must be dismissed. It is also clear that Plaintiff's claims must be dismissed with prejudice, since any amendment would be futile.").

III.    Other Potential Grounds for Dismissal

The Court lacks personal jurisdiction over a defendant when service of process is defective. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016) ("To

exercise personal jurisdiction lawfully, three requirements must be met.  First, the plaintiff's service of process upon the defendant must have been procedurally proper.") (quotations and citation omitted); *Amnay*, 117 F. Supp. 2d at 287 ("[D]ue to Amnay's failure to properly serve the Defendants, the Court lacks personal jurisdiction over them and must dismiss[.]").  And without personal jurisdiction, the Court lacks the power to address arguments to dismiss claims on the merits.  *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim[.]"); *Mitchell v. Reitnour*, No. 18-CV-4867, 2019 WL 5695946, at *5–6 (E.D.N.Y. Aug. 12, 2019) ("Having found that this Court lacks personal jurisdiction over Defendants, this Court lacks the power to dismiss the complaint for failure to state a claim. . . . Accordingly, it is respectfully recommended that no decision be rendered on Defendants' motion to dismiss for failure to state a claim."), *report and recommendation adopted*, 2019 WL 4253977, at *2 (Sept. 9, 2019); *Harrison v. New York*, 95 F. Supp. 3d 293, 304–05 (E.D.N.Y. 2015) (Bianco, J.) (adopting report and recommendation) (following *Arrowsmith*).  As such, the Court does not reach the various merits arguments made by the defendants: failure to state a claim under Rule 12(b); statute of limitations; failure to satisfy Rule 9(b); res judicata; and collateral estoppel.  *See supra* at 7.

The absence of personal jurisdiction also renders a decision on the defendants' subject matter jurisdiction arguments unnecessary.  *Camacho v. Emerson Coll.*, No. 18 Civ. 10600, 2019 WL 5190694, at *1 n.1 (S.D.N.Y. Oct. 15, 2019) ("[G]iven the Court's finding that it does not have personal jurisdiction over Emerson, the Court does not decide the issue of subject-matter jurisdiction[.]"); *Sichkin v. Leger*, No. 11-CV-1067,

2012 WL 3150583, at *5 (E.D.N.Y. July 31, 2012) ("The evidence in the record fails to establish a prima facie showing of personal jurisdiction . . . . Accordingly, the court does not reach . . . [lack of subject matter jurisdiction.]").  The Court therefore does not reach the defendants' subject matter jurisdiction arguments, including the applicability of the Rooker-Feldman bar.  *See supra* at 7.[47]

## CONCLUSION

For the reasons stated above, it is respectfully recommended that the motions to dismiss Lim Tung's Amended Complaint by the Margolin & Weinreb Defendants, Rosicki Defendants, Fay Defendants, and Lamando Defendants be granted, and the claims against these parties be dismissed without prejudice.  The Court also recommends that Okin's motion to dismiss be granted, and the claims against Okin be dismissed with prejudice.  The Court further recommends that all claims against all remaining defendants, whether served or not, be dismissed for Lim Tung's failure to serve them with a summons within 90 days of the filing of the Amended Complaint, as required by Rule 4(m).  Because this results in a dismissal of all claims against all parties, the Clerk of Court should be directed to close the case.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d

---

[47] Okin does not argue that service on her was defective or otherwise object to the exercise of personal jurisdiction.  But the Court need not reach Okin's alternative merits arguments in light of the entitlement to immunity.

Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara*  1/11/2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York